|  |  |  |
|---|---|---|
| UNITED STATES DISTRICT COURT | SOUTHERN DISTRICT OF TEXAS | |

| | |
|---|---|
| United States of America, § | |
| § | |
| *versus* § | |
| § | Criminal Action H-99-0457-4 |
| Julio A. Ramos, § | |
| § | |
| Defendant. § | |

## Opinion on Compassionate Release

Julio A. Ramos moves to reduce his sentence under 18 U.S.C. § 3582(c)(2). Ramos previously moved for a reduction in his sentence under § 3582(c)(1)(A) because of Covid-19. The court denied that motion.

In 2001, a jury found Ramos guilty of conspiracy to possess (Count 1) and possession (Count 3), with the intent to deliver more than 5 kilograms ("KG") of cocaine and more than 1,000 KG of marijuana. The PSR held Ramos accountable for distributing 5,595 KG of cocaine during the drug trafficking venture. The PSR used the 2001 Sentencing Guideline Manual to calculate Ramos's sentence. The PSR found that Ramos should receive a base offense level of 38 under Sentencing Guideline 2D1.1(c)(1) because he trafficked more than 150 KG of cocaine. The 2001 Sentencing Guideline Manual capped the relevant quantity of cocaine for the base offense level at 150 KG. The court adopted the PSR, in relevant parts, and sentenced Ramos to 405-months' imprisonment. The court noted at his sentencing hearing that it recalled from Ramos's trial that he participated in drug trafficking activities amounting to over 3,500 KG of cocaine. The court also noted that a single truck Ramos drove accounted for around 1,200 KG of cocaine. Ramos appealed the judgment. The appellate court affirmed it.

Ramos argues that his base offense level would be two levels lower if a PSR applied the current guidelines. Ramos says that, accordingly, he would have received a lower sentence assuming the court applied the same adjustments to his sentence. Ramos also argues that his good behavior in prison, combined with his educational achievements and prison

1

employment, point to rehabilitative efforts. Ramos says that these efforts bear directly with the court's overarching duty to impose a sentence that is not greater than necessary to serve its purpose of deterring behavior. Thus, Ramos requests that the court reduce his sentence based on the sentencing factors in 18 U.S.C. § 3553(a).

A defendant must fully exhaust their administrative remedies before filing for a reduction in his sentence. The court may only grant relief under 18 U.S.C. § 3582(c)(2) if the Sentencing Commission retroactively lowered a defendant's sentencing range in a new guideline manual. Relief under § 3582(c)(2) is discretionary and ultimately depends on the court's consideration factors found in 18 U.S.C. § 3553(a).

Ramos's base offense level would not be lower if the court sentenced him today. The 2021 Sentencing Guideline Manual says that a base offense level of 38 applies if a defendant trafficked more than 450 KG of cocaine. Because Ramos trafficked over 5,600 KG of cocaine, a new PSR would still have begun his offense level calculation at 38. Ramos does not otherwise show that the court would not adopt a new PSR's base offense level recommendation of 38 because the court explicitly noted at his sentencing hearing that it could trace over 3,500 KG of cocaine to his actions. Accordingly, he may not apply for a reduction under § 3582(c)(2) since Ramos's sentencing range would not change under the new guidelines.

Regardless, even if Ramos could apply for a reduction under § 3582(c)(2), Ramos does not show that the sentencing factors warrant a reduction of his sentence. Ramos is expected to behave while in prison. Employment and the completion of educational programs are not exceptional or show that Ramos will not re-offend. Ramos's sentence reflects the seriousness of the drug offense that brought him to prison.

The motion is denied. (1002)

Signed at Houston, Texas, on _____March 2_____, 2022.

Lynn N. Hughes
United States District Judge