United States District Court
Southern District of Texas
ENTERED
November 04, 2026
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CRIMINAL NUMBER H-99-457-04 |
| | § | |
| JULIO A. RAMOS, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

Julio Ramos ("Defendant") was found guilty of one count of conspiracy to possess with intent to distribute controlled substances and one count of possession with intent to distribute a controlled substance.[1] Pending before the court are Defendant's Motion for Compas[s]ionate Release Pursuant Title 18 U.S.[C]. § 3582(c)(1)(A) Request for Immediate Release to Immigration ("Defendant's Fifth MFCR") (Docket Entry No. 1007); Memo to Warden Requesting Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A) ("Defendant's Sixth MFCR") (Docket Entry No. 1008); and Julio A. Ramos Supplemental Motion for Compassionate Release Under 18 U.S.C.S. 3582(c)(1)(A) ("Defendant's Seventh MFCR") (Docket Entry No. 1015). The United States has filed the Government's Response to Julio A. Ramos' Motion for Compassionate Release Pursuant to Title 18, United States Code, §§ 3852(c)(1)(A) (D.E. #1007 and D.E #1008) ("Government's

---

[1]Indictment, Docket Entry No. 1, pp. 2-4; Jury Verdict, Docket Entry No. 644, p. 1. For purposes of identification, all page numbers refer to the pagination imprinted at the top of the page by the court's Electronic Case Filing system.

Response") (Docket Entry No. 1014). For the reasons explained below, Defendant's Fifth, Sixth, and Seventh MFCRs will be denied.

## I. <u>Background</u>

On August 9, 1999, a grand jury returned an Indictment charging Defendant with conspiracy to possess with intent to distribute controlled substances (Count 1) and possession with intent to distribute a controlled substance (Count 3).[2] On November 9, 2001, a jury found Defendant guilty of counts one and three.[3] On April 1, 2002, Defendant was sentenced to 405 months' imprisonment as to Counts 1 and 3, to run concurrently.[4] On August 9, 2004, Defendant filed a motion under 28 U.S.C. § 2255, which the court denied.[5] Between 2004 and 2016, Petitioner filed ten appeals with the Fifth Circuit relating to his motion under § 2255. On November 29, 2016, the Fifth Circuit denied his tenth appeal and warned Petitioner that "filing frivolous, repetitive, or otherwise abusive pleadings in [the Fifth Circuit] could result in the imposition of sanctions."[6]

Once Defendant stopped appealing the court's decision to deny his § 2255 motion, he started filing motions for compassionate release. Between November 29, 2018, and June 25, 2024,

---

[2]Indictment, Docket Entry No. 1, pp. 1-4.

[3]Jury Verdict, Docket Entry No. 644, p. 1.

[4]Judgment in a Criminal Case, Docket Entry No. 727, p. 3.

[5]Petition Under 28 USC § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody, Docket Entry No. 807; Order, Docket Entry No. 812.

[6]Order of the Fifth Circuit, Docket Entry No. 982, p. 2.

Defendant filed four separate motions for compassionate release.[7] The court individually denied each motion.[8]

Three additional motions for compassionate release are now pending before the court.[9] Defendant argues that he is entitled to a sentence reduction based on the following: (1) age, (2) extraordinary rehabilitation, (3) extremely low risk of recidivism, (4) death of his father, (5) 78-year-old mother's fragile health, (6) lost meaningful time with his children and grandchildren, (7) immigration detainer threatens his First Step Act credits and makes him ineligible for release to a half-way house, and (8) his sentence is unusually long.[10]

## II. Legal Standard

In United States v. Jackson, 27 F.4th 1088 (5th Cir. 2022), the court stated the requirement for obtaining compassionate release under § 3582(c):

> . . . [A] prisoner seeking compassionate release must overcome three hurdles. First, "extraordinary and compelling reasons" must justify the reduction of his sentence. 18 U.S.C. § 3582(c)(1)(A)(I). Second, the reduction must be "consistent with applicable policy statements issued by the Sentencing Commission." Id.

---

[7]Letter to Judge Hinojosa requesting re-sentencing, Docket Entry No. 983; Julio Ramos Emergency Motion for Compassionate Release Reduction in Sentence Pursuant to U.S.C. § 3582(c)(1)(A) for Immediate Compassionate Release Due to Covid-19/Sars Circumstances, Docket Entry No. 1000; Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) and in Conjunction with the Minus Two Drug Amendment 782, Docket Entry No. 1002; Motion for § 3582(c) Sentence Reduction, Docket Entry No. 1004.

[8]Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2), Docket Entry No. 984; Opinion on Compassionate Release, Docket Entry No. 1001; Opinion on Compassionate Release, Docket Entry No. 1003; Judgment in a Criminal Case – Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2), Docket Entry No. 1005.

[9]Defendant's Fifth MFCR, Docket Entry No. 1007; Defendant's Sixth MFCR, Docket Entry No. 1008; Defendant's Seventh MFCR, Docket Entry No. 1015.

[10]Defendant's Fifth MFCR, Docket Entry No. 1007, pp. 1-2 ¶¶ 4-6; Defendant's Sixth MFCR, Docket Entry No. 1008, p. 1; Defendant's Seventh MFCR, Docket Entry No. 1015, pp. 7-11.

> § 3582(c)(1)(A). Finally, the prisoner must persuade the district court that his early release would be consistent with the sentencing factors in 18 U.S.C. § 3553(a). Id. "The district court has discretion to deny compassionate release if the Section 3553(a) factors counsel against a reduction." Ward v. United States, 11 F.4th 354, 360 (5th Cir. 2021).

Jackson, 27 F.4th at 1089.

"We understand 'extraordinary' to mean 'beyond or out of the common order,' 'remarkable,' and synonymous with 'singular.'" United States v. Escajeda, 58 F.4th 184, 186 (5th Cir. 2023) (quoting Webster's New International Dictionary 903 (2d. ed. 1934; 1950)). Under the United States Sentencing Guidelines, "district courts may consider the following extraordinary and compelling circumstances in their analysis: (1) medical circumstances of the defendant; (2) age of the defendant; (3) family circumstances of the defendant; (4) whether the defendant, while in custody, was a victim of abuse; (5) other reasons similar in gravity to those previously described; and (6) a change in the law resulting in the defendant receiving an unusually long sentence." United States v. Hamilton, Criminal Action No. H-17-418, 2024 WL 4052336, at *2 (S.D. Tex. Aug. 19, 2024).

> The § 3553(a) factors are:
>
> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed–
>
> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>
> (B) to afford adequate deterrence to criminal conduct;
>
> (C) to protect the public from further crimes of the defendant; and
>
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> (3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range established for–

(A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines–

* * *

(5) any pertinent [Sentencing Commission] policy statement–

* * *

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

## III. Analysis

### A. Defendant has not demonstrated extraordinary and compelling reasons for reducing his sentence.

Defendant argues that he is entitled to a sentence reduction based on the following: (1) age, (2) extraordinary rehabilitation, (3) extremely low risk of recidivism, (4) death of his father, (5) 78-year-old mother's fragile health, (6) lost meaningful time with his children and grandchildren, (7) and immigration detainer threatens his First Step Act credits and makes him ineligible for release to a half-way house, and (8) his sentence is unusually long.[11]

1. Defendant's Age

Defendant argues that his age entitles him to a sentence reduction.[12] Section 1B1.13(b)(2) "permits the court to reduce a defendant's sentence when the defendant is at least 65 years old, has

---

[11]Defendant's Fifth MFCR, Docket Entry No. 1007, pp. 1-2 ¶¶ 4-6; Defendant's Sixth MFCR, Docket Entry No. 1008, p. 1; Defendant's Seventh MFCR, Docket Entry No. 1015, pp. 7-11.

[12]Defendant's Fifth MFCR, Docket Entry No. 1007, p. 1 ¶ 4; Defendant's Sixth MFCR, Docket Entry No. 1008, p. 3 § X.

served at least 10 years or 75 percent of his term of imprisonment, and is experiencing a serious deterioration in physical or mental health because of the aging process." United States v. Torres, Criminal No. H-93-210-1, 2025 WL 1654590, at *3 (S.D. Tex. June 11, 2025). Defendant is 58.[13] Additionally, he has not submitted any medical records to establish that he is experiencing limitations as a result of his age. "His age, standing alone, is not an extraordinary or compelling circumstance warranting a reduction in his sentence." Id.

Moreover, to qualify for release under 18 U.S.C. § 3582(c)(1)(A)(ii) based on age, a defendant must establish that (1) he is at least seventy years old, (2) he has served thirty years in prison, and (3) that the BOP has determined that he is not a danger to the safety of the community. 18 U.S.C. § 3582(c)(1)(A)(ii). Given Defendant's age, he does not qualify for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(ii).

### 2. Defendant's Family Circumstances

Defendant argues that his mother's declining health entitles him to a sentence reduction.[14] Under § 1B1.13(b)(3) "extraordinary and compelling reasons for a compassionate release exist where the defendant prisoner presents as circumstances '[t]he incapacitation of the defendant's parent when the defendant would be the only available caregiver for the parent.'" United States v. Lopez-Vargas, Criminal Action No. H-09-534-04, 2024 WL 2114306, at *1 (S.D. Tex. May 10, 2024) (quoting U.S.S.G. § 1B1.13(b)(3)(C)). However, simply caring for "a sick and/or aging parent is not a qualifying 'family circumstance' under [the sentencing guidelines]." United States v. Hudec, Criminal No. 4:91-1-1, 2020 WL 4925675, at *5 (S.D. Tex. Aug. 19, 2020). Defendant has not

---

[13] Government's Response, Docket Entry No. 1014, p. 2.

[14] Defendant's Fifth MFCR, Docket Entry No. 1007, p. 2 ¶ 5.

established that he is his mother's only caregiver. Therefore, his mother's declining health is not an extraordinary and compelling circumstance that justifies reducing his sentence.

Defendant also argues that his father's death and his inability to spend time with his children and grandchildren entitle him to a sentence reduction.[15] However, these circumstances do not amount to extraordinary and compelling reasons to grant compassionate release under § 1B1.13(b)(3). See Torres, 2025 WL 1654590, at *3 ("[Defendant] is lucky enough to have children and grandchildren. That he cannot see them due to his incarceration is not a basis for a reduction in his sentence.").

3. Defendant's Sentence

Defendant argues that he is entitled to compassionate release under § 1B1.13(b)(6) because he has served 27 years of his unusually long sentence.[16] A defendant may be entitled to compassionate release under § 1B1.13(b)(6) if he can show that (1) his sentence is unusually long, (2) he has served 10 years of his sentence, and (3) there has been a change in the law that would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed. See United States v. Cordoba, No. 24-10599, 2025 WL 799354, at *1 (5th Cir. Mar. 13, 2025) (per curiam) (holding that although there was a change in the sentencing guidelines, the defendant had not shown extraordinary and compelling circumstances because his sentence was still at the low end of the revised guidelines range).

Defendant is not entitled to compassionate release under § 1B1.13(b)(6). First, Defendant's sentence is not unusually long considering the fact that he faced a sentence of up to life in prison[17]

---

[15]Defendant's Fifth MFCR, Docket Entry No. 1007, p. 2 ¶ 5.

[16]Defendant's Seventh MFCR, Docket Entry No. 1015, p. 8 ¶ A.

[17]Final Presentence Investigation Report, Docket Entry No. 713, p. 17 ¶ 81.

but was sentenced to 405 months' imprisonment.[18] Second, although Defendant argues that the Sentencing Guidelines have been made discretionary since his sentencing,[19] Defendant has not pointed to any change in the law that would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion was filed. "There is no basis to find that, although [Defendant] received a long sentence, it is a 'gross disparity' from the sentence the court would likely impose today." Torres, 2025 WL 1654590, at *4. Defendant is therefore not entitled to a reduction in his sentence under § 1B1.13(b)(6).

4. Defendant's Remaining Circumstances

Defendant argues that (1) his behavior in prison, including his educational achievements and work performance and (2) consequences of his immigration detainer warrant a sentence reduction.[20]

The Sentencing Guidelines include a catch-all provision that applies when "[t]he defendant presents any other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) through (4)." U.S.S.G. § 1B1.13(b)(5).

Defendant's behavior in prison is not an extraordinary circumstance on its own to warrant a sentence reduction. "[W]hile the Court may consider post-sentencing rehabilitation in determining whether to grant an eligible defendant a sentence reduction, it is not authorized to grant a reduction based upon post-sentencing rehabilitation alone." United States v. Perez-Barocela, Criminal No. 2:12-757-2, 2023 WL 2787979, at *1 (S.D. Tex. Apr. 4, 2023); United States v. Stine, Criminal No. 6:03-44(S)-2, 2020 WL 7388630, at *4 (S.D. Tex. Dec. 14, 2020); see also Torres, 2025

[18]Judgment in a Criminal Case, Docket Entry No. 727, p. 3.

[19]Defendant's Seventh MFCR, Docket Entry No. 1015, pp. 7-11.

[20]Defendant's Fifth MFCR, Docket Entry No. 1007, pp. 1-2; Defendant's Sixth MFCR, Docket Entry No. 1008, pp. 1, 4.

WL 1654590, at *4 ("While [Defendant's] rehabilitation efforts are commendable, they are not an extraordinary and compelling circumstance that would support a reduction in his sentence."). Because Defendant has failed to show that he otherwise qualifies for a sentence reduction, the court is not authorized to grant compassionate release based on his behavior in prison.

Moreover, the consequences of his immigration detainer do not entitle him to compassionate release. "[H]is immigration status is not a circumstance unique to him; it applies to all prisoners who are subject to immigration detainers." Torres, 2025 WL 1654590, at *4. Accordingly, "[h]is immigration status is not an extraordinary or compelling reason that would warrant a reduction in his sentence under § 1B1.13(b)(5)." Id.

**B. The § 3553(a) factors counsel against a reduction.**

Turning to the factors under § 3553(a), the court first considers the nature and circumstances of the offense. See 18 U.S.C. § 3553(a)(1). After a trial, a jury found Defendant guilty of one count of conspiracy to possess with intent to distribute controlled substances and one count of possession with intent to distribute a controlled substance.[21] Defendant was not only held accountable for the distribution of 5,595 kilograms of cocaine, but he was also found to be a manager of the criminal conspiracy that involved at least sixteen participants.[22] Moreover, Defendant was given a two-level increase in his total offense level for obstruction of justice for the following behavior:

> According to several codefendants, the defendant threatened them and their families with bodily harm, if they testified against him at his trial. The probation office interviewed two of the defendants . . . regarding the threats they received from the defendant. [One codefendant] stated that in April 2000, while at the Federal Detention Center (FDC) in Houston, Texas, [Defendant] threatened to kill [him] and his family if [the codefendant] testified against him at trial. . . .

---

[21]Jury Verdict, Docket Entry No. 644, p. 1; Judgment in a Criminal Case, Docket Entry No. 727, pp. 1-2.

[22]Final Presentence Investigation Report, Docket Entry No. 713, p. 13 ¶ 41.

> . . . [Another codefendant] stated that [Defendant] told him if he testified against him at trial, that [his] family in Dominican Republic would die, including the dog. This threat was received at the FDC and [the codefendant] stated that [Defendant] knew the whereabouts of [his] family. [The codefendant] also reported that the last threat received from [Defendant] was a telephone call to the family three days before trial commenced.[23]

Based on these facts, the court finds that the original sentence satisfies the fairness, deterrence, and public protection considerations of §§ 3553(a)(2)(A)-(C). "While the court appreciates Defendant's [rehabilitative efforts], they are not enough to outweigh the court's obligation to 'promote respect for the law,' 'provide just punishment,' and deter criminal conduct." United States v. Ekene, Criminal Number H-19-633-02, 2025 WL 2721383, at *5 (S.D. Tex. Sept. 24, 2025) (quoting 18 U.S.C. §§ 3553(a)(2)(A)-(B)). The court therefore concludes that the § 3553(a) factors weigh against granting Defendant's pending motions for compassionate release.

## IV. Conclusion and Order

For the reasons explained above, Defendant's Motion for Compas[s]ionate Release Pursuant Title 18 U.S.[C]. § 3582(c)(1)(A) Request for Immediate Release to Immigration (Docket Entry No. 1007); Memorandum to Warden Requesting Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A) (Docket Entry No. 1008); and Julio A. Ramos Supplemental Motion for Compassionate Release Under 18 U.S.C.S. 3582(c)(1)(A) (Docket Entry No. 1015) are **DENIED**.

**SIGNED** at Houston, Texas, on this the 4th day of November, 2026.

SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE

---

[23] Id. ¶¶ 43-44.